| | | |
|---|---|---|
| CHARLES E. LINDSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00024-RK |
| | ) | |
| PAM BONDI, DENNY HOPKINS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Before the Court are Charles E. Lindsey's pro se motion for leave to proceed *in forma pauperis* and Affidavit of Financial Status in Support, (Docs. 1, 2), and motion to consolidate, (Doc. 3). After careful consideration and review, and for the reasons explained below, the Court **ORDERS** that Plaintiff's pro se motion to proceed *in forma pauperis* is **GRANTED**, this case is **DISMISSED** pursuant to the Court's initial screening under 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's motion to consolidate[1] is **DENIED as moot**.

Title 28 U.S.C. § 1915(a)(1) authorizes the Court to allow indigent persons to commence a civil action without the prepayment of costs. However, "[t]he opportunity to proceed *in forma pauperis* is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991). When presented with a motion to proceed *in forma pauperis*, the Court first determines whether the plaintiff satisfies the economic eligibility requirements. Local Rule 83.7(a) provides that the standard for determining *in forma pauperis* status is whether the requirement to pay the costs of the lawsuit would cause the applicant to be forced to give up the basic necessities of life. If the applicant meets the economic eligibility requirements, the Court then determines whether the applicant's complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To begin, it appears from his affidavit of financial status that Plaintiff does not qualify by economic status. His affidavit states that he owns a trust fund valued at either $230 million or $6

---

[1] On January 5, 2026, Plaintiff filed another case in this district, *Charles E. Lindsey v. Katrin Hataway, Michael Keyhole*, No. 4:26-cv-00006-RK. Plaintiff moves to consolidate the cases.

trillion and his only monthly expense is $200 for groceries. Plaintiff's motion to proceed *in forma pauperis* is accordingly denied because based upon Plaintiff's affidavit of financial status, it does not appear that paying the required filing fee would cause Plaintiff to give up the basic necessities of life. *See* Local Rule 83.7(a).

Even if Plaintiff did satisfy the economic eligibility requirements, however, his claims are subject to dismissal as frivolous and for failure to state a claim. "[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional," or if the facts alleged appear "irrational" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citation omitted).

Plaintiff lists numerous laws, including unfair competition and antitrust laws and the RICO and Hobbs Acts. (Doc. 1-2 at 6-7.) He alleges few facts and the facts he does allege are irrational or unintelligible. Plaintiff alleges unspecified threats "to kill [his] family tree" but also that "the local or federal government is using the Kansas City College of Bio science to condem [sic] local small business who owner is using ex parte Court order to stop me from repairing my home because they are not being allowed repair their property[.]" Plaintiff's claims are frivolous under the § 1915(e)(2)(B) standard.

### Conclusion

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that Plaintiff's pro se motion to proceed *in forma pauperis*, (Doc. 1), is **DENIED**, this case is **DISMISSED without prejudice**, and Plaintiff's motion to consolidate, (Doc. 3), is **DENIED as moot**.

The Clerk of Court is directed to mail a copy of this Order to:

Charles E. Lindsey
5533 Virginia Ave.
Kansas City, MO 64110

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 18, 2026

2